IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ARTAK YURIKOVICH ARUTYUNYAN,**[1]

    **Petitioner,**

    v.                                                  **No. CV 10-663 BB/LAM**

**RAY TERRY,**

    **Respondent.**

## ORDER

    **THIS MATTER** is before the Court *sua sponte*. Petitioner Artak Yurikovich Arutyunyan is proceeding *pro se*. Mr. Arutyunyan brings a ***Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1)***, alleging that his continued detention since January 4, 2010, by Respondent is unlawful and violates his due process rights. *Document 1* at 3, 7-9. On October 4, 2010, Respondent filed a ***Motion for Summary Judgment on Petition (Doc. 13)***, arguing that Petitioner's continued detention does not violate his due process rights. Respondent states that on September 20, 2010, an immigration judge denied Petitioner's application for withholding of removal and deferral of removal, and that Petitioner reserved his appeal and his Notice of Appeal to the Board of Immigration Appeals is due on October 20, 2010. ***Motion for Summary Judgment on Petition (Doc. 13)*** at 2-3 (citing *Document 13-9*, Exhibit 9). Respondent states that Petitioner is subject to a prior removal order from 2004, so the six-month presumptively reasonable period of

---

[1] The Court notes that "Yurikovich" appears to be Petitioner's middle name, not his last name. *See, e.g.*, Exhibits attached to Respondent's ***Motion for Summary Judgment on Petition (Doc. 13)***, indicating that Petitioner's full name is Artak Yurikovich Arutyunyan. The Court has directed the clerk's office to correct Petitioner's name on the docket in this case.

detention set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001) applies to him. *Id.* at 5-6. However, Respondent argues that Petitioner has not shown that there is no significant likelihood of his removal to Armenia in the reasonably foreseeable future since he was successfully removed to Armenia in 2004. *Id.* at 6. Furthermore, Respondent argues that Petitioner has not shown that no country will accept him, that Armenia refuses to issue travel documents for him, that there is no removal agreement between Armenia and the United States, or that several month have passed in which Armenia has not given a definitive answer that it will issue travel documents for Petitioner. *Id.*

A court may appoint counsel in habeas matters, including under 28 U.S.C. § 2241, if the interests of justice so require. 18 U.S.C. § 3006A(a)(2)(B). The Court determines that the interests of justice require appointment of counsel in this case to assist Petitioner in responding to Respondent's *Motion for Summary Judgment on Petition (Doc. 13)*, especially regarding how Petitioner's appeal to the Board of Immigration Appeals affects these proceedings.

**IT IS THEREFORE ORDERED** that Dennis Candelaria be appointed in this case.

**IT IS FURTHER ORDERED** that Dennis Candelaria shall file a response to Respondent's *Motion for Summary Judgment on Petition (Doc. 13)* within **fourteen (14) days of entry of this order**. Respondent may file a reply to Petitioner's response within fourteen days of the date the response is filed.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**